184 P.3d 1262 (2008)
STATE of Washington, Respondent,
v.
Charles Edward O'CAIN, Appellant.
No. 59856-2-I.
Court of Appeals of Washington, Division 1.
May 27, 2008.
Jennifer M. Winkler, Nielson, Broman & Koch, PLLC, Seattle, WA, for appellant.
Andrea Ruth Vitalich, King County Prosecutor's Office, Seattle, WA, for Respondent.

PUBLISHED IN PART
BECKER, J.
¶ 1 In order to be valid, a condition of community custody release that prohibits conduct must be crime-related. Because a condition prohibiting Charles O'Cain from accessing the internet without prior approval from his community custody officer or treatment provider is not crime-related, we remand to the trial court to strike it from his sentence.

FACTS
¶ 2 On the night of March 7, 2004 15-year-old A.M. was out walking with Elexis Nesbit and two other friends. They met Charles O'Cain, a friend of Nesbit's. According to testimony at trial, O'Cain stayed with the group, and eventually told Nesbit that he wanted to talk to A.M. alone. A.M. and O'Cain walked off, and Nesbit lost sight of them. O'Cain grabbed A.M. and pushed her over a fence, jumping over immediately afterward. O'Cain raped A.M., took her cell phone, and ran away. A.M. began to scream, and her friends came to her aid.
¶ 3 The State of Washington charged O'Cain with first degree rape. A jury found O'Cain guilty of the lesser-included offense of second degree rape. O'Cain's standard range was 210 to 280 months. The trial court imposed an indeterminate sentence with a maximum term of life and a minimum term at the high end of the standard range, 280 months.[1] The trial court also imposed *1263 conditions of community custody release, including the condition that O'Cain "not access the Internet without the prior approval of your supervising Community Corrections Officer and sex offender treatment provider."[2] O'Cain appeals.

DECISION
1. Condition of Community Custody Release
¶ 4 O'Cain argues that the condition of community custody prohibiting him from unapproved internet access is not crime-related and therefore the trial court erred in imposing it.
¶ 5 A trial court may impose a sentence that is required or allowed by law.[3] A defendant convicted of second degree rape must be sentenced under RCW 9.94A.712(1)(a)(i).[4] The statute provides that when a defendant is convicted of second degree rape, the trial court must impose a minimum term within the standard sentencing range as well as a maximum term equal to the statutory maximum. The statute also requires the trial court to impose community custody for any time the defendant is released prior to the expiration of the maximum sentence.[5] Some conditions of release are mandatory, while the trial court has discretion in imposing other conditions.[6] Under RCW 9.94A.712(6)(a), the trial court may order the defendant to "perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." Under RCW 9.94A.700(5)(e), the trial court may also order the defendant to "comply with any crime-related prohibitions."
¶ 6 The State argues that the internet access condition is appropriate under RCW 9.94A.712(6)(a) because allowing O'Cain unfettered internet access to inappropriate sexual material would increase his risk of reoffending and thus endanger the community. But the internet access condition does not involve affirmative conduct reasonably related to the circumstances of the offense. It is a prohibition, and RCW 9.94A.712(6)(a) does not apply to it. Instead, RCW 9.94A.700(5)(e) controls. It states that conditions imposing prohibitions must be crime-related. There is no evidence in the record that the condition in this case is crime-related. There is no evidence that O'Cain accessed the internet before the rape or that internet use contributed in any way to the crime. This is not a case where a defendant used the internet to contact and lure a victim into an illegal sexual encounter. The trial court made no finding that internet use contributed to the rape. Under RCW 9.94A.700(5)(e), the prohibition on internet access without pre-approval must be crime-related in order to be valid. Because the prohibition in this case is not crime-related, we conclude it must be stricken. Our holding does not preclude control over internet access being imposed as part of sex offender treatment if recommended after a sexual deviancy evaluation.
¶ 7 We affirm O'Cain's conviction, but remand to the trial court to strike the condition of community custody prohibiting internet access without prior approval.
¶ 8 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
NOTES
[1] Clerk's Papers at 166.
[2] Clerk's Papers at 172.
[3] In re Petition of Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980).
[4] This opinion refers to the statutes in effect at the time of the crime.
[5] RCW 9.94A.712(5).
[6] RCW 9.94A.712(6).