# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>PAUL GERARD TILLMAN,<br><br>                          Petitioner. | No.  51181-9-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, C.J.  —  Paul Tillman seeks relief from personal restraint resulting from his 2016 plea of guilty to two counts of first degree rape of a child.[1]  We grant the petition in part and deny the remainder.

First, Tillman argues that the trial court erred in imposing the following community custody conditions because they are unconstitutionally overbroad, vague, or not crime related:

5.      Inform the supervising [community corrections officer (CCO)] and sexual deviancy treatment provider of any dating relationship.  Disclose sex offender status prior to any sexual contact.  Sexual contact in a relationship is prohibited until the treatment provider approves of such.

. . . .

9.      Do not enter sex-related businesses, including:  x-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material.

10.    Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.0l1(4) unless given prior approval by your sexual deviancy provider.

. . . .

---

[1] The trial court entered Tillman's judgment and sentence on August 26, 2016, making his August 24, 2017 petition timely filed.  RCW 10.73.090(3)(a).

23. . . . No internet access or use, including email, without the prior approval of the supervising CCO.

24. . . . No use of a computer, phone, or computer-related device with access to the Internet or on-line computer service except as necessary for employment purposes (including job searches).

Personal Restraint Pet, Attach. D, App. H at 1-2.

The first two sentences of condition 5 are neither unconstitutionally vague nor subject to arbitrary enforcement. *State v. Norris*, 1 Wn. App. 2d 87, 95, 404 P.3d 83 (2017), *review granted*, 190 Wn.2d 1002 (2018). These provisions also are related to Tillman's crimes, as they arose in the sexual abuse of a family member. Therefore, the first two sentences of condition 5 are permissible. *State v. Magana*, 197 Wn. App. 189, 201, 389 P.3d 654 (2016).

However, the third sentence, precluding sexual contact until the treatment provider approves, is not crime related and is overbroad. Therefore, that provision must be stricken.

Condition 9 must be stricken because the State does not identify any evidence in the record that frequenting sex-related businesses is reasonably related to Tillman's crimes. *Norris*, 1 Wn. App. 2d at 98.

Condition 10 is reasonably related to the sexual deviancy treatment that Tillman must undergo during his community custody and so is permissible. *Magana*, 197 Wn. App. at 201.

The State concedes that conditions 23 and 24 must be stricken as not being crime related. *State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008). Accordingly, conditions 9, 23, and 24 must be stricken.

Second, Tillman argues that the sentencing judge violated the doctrine of appearance of fairness when he referred to other sex cases in which he had imposed sentence earlier in the day. But Tillman does not present any evidence that the sentencing judge was actually or potentially

biased against him, and so does not show a violation of the appearance of fairness doctrine. *State v. Chamberlin*, 161 Wn.2d 30, 37, 162 P.3d 389 (2007). The community custody conditions that Tillman challenged above were parts of a standard set of conditions that the Pierce County Superior Court was using at the time of his sentencing and so do not demonstrate any bias against Tillman.

Third, Tillman argues that the trial court erred in imposing legal financial obligations (LFOs) against him without performing the individualized inquiry in his ability to pay them required by *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). But the trial court imposed only mandatory LFOs, to which *Blazina* does not apply. *State v. Mathers*, 193 Wn. App. 913, 928-29, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016).

We grant Tillman's petition in part and remand to the trial court to strike the third sentence of condition 5 and conditions 9, 23, and 24 from the judgment and sentence. We deny the remainder of the petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

BJORGEN, J.

SUTTON, J.

3