IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 78823-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DOUGLAS WAMBA, | |
| Appellant. | |

LEACH, J. — Douglas Wamba appeals his convictions for varying degrees of child rape and child molestation of his two stepdaughters. We affirm his convictions but remand to strike the community custody condition prohibiting him from searching the internet without permission, and strike the interest accrual on unpaid legal financial obligations.

BACKGROUND

Douglas Wamba's two stepdaughters, S.L. and O.L., accused Wamba of raping and molesting them several times. The State charged Wamba with multiple counts of child rape and child molestation. The jury convicted Wamba of nine counts of varying degrees of child rape and child molestation.

Wamba appeals. Additional facts related to the issues Wamba raises are set forth in the discussion of that issue.

Citations and pincites are based on the Westlaw online version of the cited material.

ANALYSIS

Wamba claims the prosecutorial conduct denied him a fair trial. He also challenges a community custody provision limiting access to the internet and a sentence provision imposing interest on unpaid financial obligations. Wamba received a fair trial, but his challenges to the sentence have merit.

Prosecutorial Misconduct

Wamba claims the prosecutor acted improperly during closing arguments by commenting on evidence that the court did not admit for the truth of the statement's content and by commenting on the victims' credibility.

This court reviews a claim of prosecutorial misconduct under an abuse of discretion standard.[1] We evaluate the propriety of the prosecutor's conduct and whether any improper conduct prejudiced a defendant by reviewing a prosecutor's challenged statements in the context of the entire case.[2] To show prejudice, a defendant must demonstrate a substantial likelihood that the prosecutor's misconduct affected the outcome of the trial.[3] When a defendant fails to object to the challenged conduct, the defendant must show the conduct was so flagrant and ill-intentioned that a jury instruction could not have cured any resulting prejudice.[4] A prosecutor's misconduct may deny a defendant his or her constitutional right to a fair trial.[5]

---

[1] State v. Ish, 170 Wn.2d 189, 195–96, 241 P.3d 389 (2010).
[2] State v. Thorgerson, 172 Wn.2d 438, 442–43, 258 P.3d 43 (2011).
[3] In re Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012).
[4] Thorgerson, 172 Wn.2d at 443 (quoting State v. Russell, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)).
[5] Glasmann, 175 Wn.2d at 703–04.

During closing arguments, the prosecutor referred to a text message that S.L. sent to her mother discussing Wamba's molestation of her:

> We have the message that a 12-year-old [S.L.] sent her mother on December the 4th of 2014 that was subsequently forwarded from Kelly to the defendant. And this is one of several poignant moments in this case, when you look at the evidence, the way she described it, what she was concerned about.
>
> DJ touched me inappropriate three times since the last time it was a dream, in quotes. I'm uncomfortable to be around him, knowing that he's touched me there. I get really nervous around him. I don't like to be alone with him. The reason it's happened so many times is because he didn't want me telling you and because I'm so nervous to tell him to stop. I like when he gives me back massages but he just goes too far. I don't like it. Never have. Never will. It's just so irritating. I'm 12. This is a 12-year-old, describing being molested and raped by her stepfather.

Wamba did not object.

The text message the prosecutor described was introduced through testimony from S.L.'s mother, Kelly. The court instructed the jury it was not to consider the text as proof of the truth of its contents. The prosecutor did not refer to S.L.'s text message for the truth of the matter asserted, but to show that Wamba had a pattern of trying to exert control over the victims. So, Wamba fails to show that the prosecutor made any improper argument about the text message.

Wamba next claims the prosecutor impermissibly commented on the victims' credibility. A prosecutor commits misconduct by personally vouching for a witness's credibility or veracity.[6] "Improper vouching generally occurs (1) if the prosecutor expresses his or her personal belief as to the veracity of the witness or (2) if the prosecutor indicates that evidence not presented at trial supports the

---

[6] Ish, 170 Wn.2d at 196.

3

witness's testimony."[7]

Wamba alleges these comments improperly vouched for the victims' veracity:

> [S.L] also, to a certain extent, not as marked as [O. L.] And before I move on, just a caution about that. And I don't even know if this is something I need to say, but I'm going to say it anyway. Please be careful in using your own preconceptions or assumptions about how someone should or would react to trauma.
>
> And I don't know if you came into this experience with an idea in mind of how you think someone who had been raped or molested would react, how you think they would talk about it, how you think they would appear on the stand.
>
> There was some discussion about that jury selection [sic] way back three weeks ago when we were talking about what do you do when you are assessing testimony from somebody you don't know, and some of your fellow prospective jurors reasonably said, well, I would pay attention to body language and how they react. And those are fair observations to make. But be real careful that you're not using your own preconceptions or your own notions about how you think someone should act or should react in assessing the testimony from the witnesses in this case.

The prosecutor's comments, of telling the jurors to be careful of their preconceptions or assumptions about how someone should react to trauma, does not express belief about the veracity of the victims or indicate that evidence not presented supports either victim's testimony. So, the prosecutor did not comment improperly. Wamba has not shown any prosecutorial misconduct.

Community Custody

Wamba next claims the community custody condition barring him from

---

[7] Ish, 170 Wn.2d at 196.

access to the internet violates his constitutional right because it is unconstitutionally vague. He also claims the condition exceeds the trial court's sentencing authority because it is not crime related. Because the State fails to persuade us, that the condition is crime related, we do not reach Wamba's constitutional argument.

At sentencing, the court imposed the following condition of community custody:

> Do not access the Internet on any computer, phone, or computer-related device with access to the Internet or on-line computer service except as necessary for employment purposes (including job searches) in any location, unless such access is approved in advance by the supervising Community Corrections Officer and your treatment provider. The CCO is permitted to make random searches of any computer, phone, or computer-related device to which the defendant has access to monitor compliance with this this condition.

The State agrees this condition must be crime related to survive Wamba's challenge.[8] We note the trial court did not make any finding that this condition was crime related. In State v. O'Cain, the court struck a condition prohibiting O'Cain from unapproved Internet access:[9]

> There is no evidence in the record that the condition in this case is crime related. There is no evidence that O'Cain accessed the Internet before the rape or that Internet use contributed in any way to the crime. This is not a case where a defendant used the Internet to contact and lure a victim into an illegal sexual encounter. The trial court made no finding that Internet use contributed to the rape.[10]

---

[8] RCW 9.9A703(3)(f).
[9] 144 Wn. App. 772, 774-75, 184 P.3d 1262.
[10] O'Cain, 144 Wn. App. at 775.

Similarly as here, the record contains no evidence that Wamba's criminal conduct was related to his use of the Internet. The State claims the use of internet contributed to his crimes because he talked to the mother through text messages and showed the victims inappropriate photos. The State does not explain how phone texting or photos on a cell phone equate to internet use. Because none of the events it relies on is specific to internet use, we remand to strike this community condition because it is not crime-related.

Legal Financial Obligations

Wamba challenges a provision providing for the accrual of interest on unpaid legal financial obligations (LFOs). Because the State concedes that this provision should be stricken, and since the law requires it,[11] we remand to strike the interest accrual on the LFOs.

Statement of Additional Grounds

Wamba claims, in his statement of additional grounds, that he received ineffective assistance of counsel when his attorney failed to examine the analyst, Tracy Youmans, who helped officers extract information from his cellphone. We review ineffective assistance of counsel claims de novo.[12] To establish such a claim, Wamba must show (1) defense counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced him: that there is a reasonable possibility that, but for counsel's deficient performance, the outcome of his trial would have been

---

[11] State v. Ramirez, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).
[12] In re Brett, 142 Wn.2d 868, 873, 16 P.3d 601 (2001).

6

different.[13]  Our scrutiny of defense counsel's performance is highly deferential, and we employ a strong presumption of reasonableness.[14]  "To rebut this presumption, the defendant bears the burden of establishing the absence of any 'conceivable legitimate tactic explaining counsel's performance.'"[15]  Failure to satisfy either prong of the test defeats an ineffective assistance of counsel claim.[16]

Wamba states his counsel provided ineffective assistance by failing to call Youmans as a witness.  But, he fails to establish the absence of any conceivable legitimate tactic explaining counsel's performance.  First, Detective Steve Paxton testified for the State regarding Youmans' training and the report about the cellphone information.  And, Wamba fails to explain how testimony from Youmans would not have been duplicative.  Also, given the contents found on his cellphone, like text messages, his defense counsel may reasonably have decided not to revisit this subject or focus the jury's attention on the cellphone evidence.  Wamba does not show that his attorney lacked any conceivable legitimate tactic for not calling Youmans.

Wamba next asserts that the State's failure to call Youmans to testify about the work she did in preparing her analysis of the cellphones deprived him of his constitutional right to confront his accuser.  Wamba asserts that while the court in

---

[13] State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004) (citing State v. Thomas, 109 Wn.2d 222, 225–26, 743 P.2d 816 (1987)).
[14] Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995).
[15] State v. Grier, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).
(2011) (quoting Reichenbach, 153 Wn.2d at 130).
[16] Strickland, 466 U.S. at 697.

State v. Lui[17] would "most likely not have considered [Youmans] a 'witness' . . . for confrontation purposes," her work "created factual information for use by the investigating detective" and later used by the State at trial. But, the court in Lui held that only an analyst who testifies about facts adverse to a defendant triggers a confrontation clause issue.[18] Because Youmans only created the report, and Paxton testified about adverse facts, Wamba's argument fails. Also, Wamba fails to explain how Youmans' testimony would have changed the outcome of the trial. So, the ineffective assistance of counsel claim fails.

CONCLUSION

We affirm in part and remand with instructions to strike consistent with this opinion. Wamba does not establish any prosecutorial misconduct. He also does not establish any absence of effective assistance of counsel. So, his challenges to his convictions fail. Because the community custody condition about internet use was unrelated to his criminal conduct, the condition is invalid. The condition providing for interest on unpaid legal obligations violates current law. We affirm Wamba's convictions but remand to the trial court to strike the community custody condition and to strike the interest accrual on the LFOs.

Leach, J.

WE CONCUR:

Smith, J.

Dwyer, J.

___

[17] State v. Lui, 179 Wn.2d 457, 315 P.3d 493 (2014).
[18] Lui, 179 Wn.2d at 489-90.

8