# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54328-1-II |
| Respondent, | |
| v. | |
| ROBERT WILLIAM PARK, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Park appeals four conditions of community custody the trial court imposed following his guilty plea for three counts of child molestation in the second degree.  Park argues that the trial court erred by ordering (1) that his polygraph examination tests show no deception; (2) condition 20 of Appendix H—that Park is not to access the internet, email, and any and all social media without permission; (3) condition 22 of Appendix H—that Park is not to purchase, possess, or use any illegal substance or drug paraphernalia without the written prescription of a licensed physician; and (4) condition 19 of Appendix H—that Park is not to possess or pursue[1] any sexually explicit material.  In his statement of additional grounds (SAG), Park makes additional arguments.  The State does not object to the three references to no deception on polygraph examinations being stricken from the judgment and sentence.  The State concedes that condition 20 should be stricken and condition 22 must be amended.  The State argues that the court

---

[1] The State acknowledges that the word "pursue" may be a scrivener's error.  Br. of Resp't at 4.

did not err by ordering condition 19 as that condition is constitutional, but concedes that the condition may contain a scrivener's error.

We accept the State's concessions, including that the condition regarding sexually explicit material likely contains a scrivener's error, and we remand for the trial court to strike or amend the challenged conditions consistent with this opinion.

FACTS

Park pleaded guilty to three counts of child molestation in the second degree for sexual contacts he had with a minor. The trial court imposed 75 months of confinement, and 36 months of community custody. The court imposed numerous conditions for Park on community custody: first, the court ordered three separate times in the judgment and sentence that Park must submit to polygraph examinations upon request and that the results of the tests "must not show deception." Clerk's Papers (CP) at 238, 242, 250. The court also ordered the following conditions at issue in Appendix H of Park's judgment and sentence:

(19) Do not possess or pursue any sexually explicit material.

(20) Do not access the internet, email, or any and all social media sites without permission from CCO and treatment provider.

. . . .

(22) Do not purchase, possess, or use any illegal controlled substance, or drug paraphernalia without the written prescription of a licensed physician.

CP at 250.

Park appeals.

ANALYSIS

I. CONDITIONS OF COMMUNITY CUSTODY

A. STANDARD OF REVIEW

A trial court can only impose community custody conditions authorized by statute. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008). We review de novo whether the trial court had statutory authority to impose a sentencing condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the trial court had statutory authority, we review the court's decision to impose the condition for an abuse of discretion. *Armendariz*, 160 Wn.2d at 110. An abuse of discretion occurs when a trial court's imposition of a condition is manifestly unreasonable. *State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). The imposition of an unconstitutional condition is manifestly unreasonable. *Nguyen*, 191 Wn.2d at 678.

B. LEGAL PRINCIPLES

Due process precludes the enforcement of vague laws, including sentencing conditions. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008); *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A community custody condition is unconstitutionally vague if the condition does not define the prohibited conduct with "'sufficient definiteness that ordinary people can understand what conduct is proscribed,'" or if the condition "'does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *Bahl*, 164 Wn.2d at 752-53 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)). If the condition fails either prong of the vagueness analysis, the condition is void for vagueness. *Bahl*, 164 Wn.2d at 753. A condition is not vague, however, "'merely because a person cannot predict with complete certainty the exact point at which his or her actions would be classified as prohibited conduct.'"

*State v. Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010) (internal quotation marks omitted) (quoting *State v. Valencia*, 148 Wn. App. 302, 198 P.3d 1065 (2009), *reversed on other grounds in Valencia*, 169 Wn.2d 782). "[A]ll that is required is that the proscribed conduct is sufficiently definite in the eyes of an ordinary person." *Nguyen*, 191 Wn.2d at 681.

RCW 9.94A.703(3) authorizes a trial court to impose discretionary conditions. The trial court may order an offender to "[c]omply with any crime-related prohibitions." RCW 9.94A.703(3)(f). RCW 9.94A.703(2)(c) authorizes waivable conditions, including requiring the defendant to "[r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions."

A crime-related prohibition is one that is related to the circumstances of the crime for which the offender is being sentenced. RCW 9.94A.030(10). Crime-related prohibitions must be directly or reasonably related to the circumstances of the offense. *Nguyen*, 191 Wn.2d at 683-84. "The prohibited conduct need not be identical to the crime of conviction, but there must be 'some basis for the connection.'" *Nguyen*, 191 Wn.2d at 684 (quoting *Irwin*, 191 Wn. App. at 657). If we determine that a trial court imposed an unauthorized condition on community custody, we remedy the error by remanding to the trial court with instruction to strike the unauthorized condition. *State v. Padilla*, 190 Wn.2d 672, 683, 416 P.3d 712 (2018).

C. POLYGRAPH TESTING

Park argues that the trial court erred by ordering him to not be deceptive during polygraph examinations. The State does not object to this language being stricken from the judgment and sentence. We order that the trial court strike the language from the judgment and sentence that requires Park's polygraph results to not show deception during polygraph examinations.

Our Supreme Court has expressly held that polygraph testing is a valid community custody monitoring condition. *See State v. Riles*, 135 Wn.2d 326, 342, 957 P.2d 655 (1998), *abrogated by Valencia*, 169 Wn.2d 782. However, the court noted that "the results of polygraph tests are generally not admissible in a trial." *Riles*, 135 Wn.2d at 342. This is because polygraph tests are not widely accepted as reliable by the scientific community. *See State v. Woo*, 84 Wn.2d 472, 474, 527 P.2d 271 (1974); *State v. Pleasant*, 21 Wn. App. 177, 185, 583 P.2d 680 (1978); *State v. Ahlfinger*, 50 Wn. App. 466, 470, 749 P.2d 190 (1988); *State v. Justesen*, 121 Wn. App. 83, 86, 86 P.3d 1259 (2004).

In Washington, a polygraph test may be used to "enhance the assessment, treatment and monitoring processes by encouraging disclosure of information relevant and necessary to understanding the extent of present risk and compliance with treatment and court requirements." WAC 246-930-310(7)(b). But "[s]ex offender treatment providers shall *not* base decisions solely on the results of the polygraph examination." WAC 246-930-310(7)(b) (emphasis added).

Here, the trial court ordered in three separate places in the judgment and sentence that Park's polygraph results must not show deception. Park argues that by requiring that his polygraph examinations show no deception, he may be found not compliant with his community custody conditions on the basis of a false deception result. The State argues that while this may be so, a defendant likely would not receive additional punishment on this basis alone, as that is directly in conflict with WAC 246-930-310(7)(b). However, the State does not object to us striking this language from Park's judgment and sentence.

5

Although, as the State says, Park likely would never receive additional punishments solely from a deceptive result on a polygraph examination, we remand for the trial court to strike the language from the judgment and sentence that states that the polygraph examinations must not show deception.

D. INTERNET, EMAIL, AND ANY AND ALL SOCIAL MEDIA SITES; ILLEGAL SUBSTANCES OR DRUG PARAPHERNALIA

Park next argues that the trial court erred by ordering him not to access the internet, email, and any and all social media sites without permission from the CCO and treatment provider, and by ordering him to not purchase, possess, or use any illegal substance or drug paraphernalia without the written prescription of a licensed physician. The State concedes that these provisions are not crime-related. We accept the State's concession and remand for the trial court to strike or amend these provisions consistent with this opinion.

Internet use is crime-related if there is evidence that internet use "contributed in any way to the crime." *State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008). Here, there was no evidence that internet use, including emails or any social media sites, contributed in any way to Park's offenses. Therefore, this condition is not crime-related and the State was correct to concede it should be stricken.

"Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions." RCW 9.94A.703(2)(c). The trial court had the authority to impose the condition regarding not purchasing, possessing, or using any illegal

substance without a valid prescription under RCW 9.94A.703(2)(c), regardless of whether the condition was crime-related.

However, we agree with Park and the State that this condition should be clarified and remand for the trial court to amend these conditions because valid prescriptions may be written by medical professionals who are not licensed physicians. The trial court should delete "of a licensed physician" on remand. In addition, the statutory provision authorizing this condition does not extend to drug paraphernalia. Finally, on remand, the State may abandon its request for this condition if it chooses to no longer seek it.

E. SEXUALLY EXPLICIT MATERIAL

Park next argues that the trial court erred by ordering him to not possess or pursue any sexually explicit material because "pursue" is vague and violates due process. Appellant's Br. at 10. The State argues that "pursue" is not unconstitutionally vague, and that the court intended to write "peruse" rather than "pursue" in the judgment and sentence. Br. of Resp't at 4. Because the State concedes this may have been a scrivener's error, the trial court must reconsider this condition on remand, reevaluate whether it is appropriately written, and clarify if necessary.

## II. SAG

In his SAG, Park claims that he is not guilty and has been mistreated during his confinement, and that he did not receive a fair trial. SAG. However, Park offers no cognizable argument supporting this assertion or explaining how this allegation requires reversal of his convictions. Park does not "inform the court of the nature and occurrence of alleged errors," so we decline to review these issues. RAP 10.10(c).

CONCLUSION

We accept the State's concessions and we remand to the trial court to strike or amend these conditions consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
GLASGOW, A.C.J.

_____
VELJACIC, J.