# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57413-6-II |
| JEREMY L. RITCHIE, | UNPUBLISHED OPINION |
| Petitioner. | |

Che, J. — Jeremy L. Ritchie seeks relief from personal restraint imposed following his two convictions for first degree child molestation. Ritchie challenges several of the community custody conditions imposed by the Indeterminate Sentence Review Board (ISRB) as part of his conditions for release as being overbroad or not crime-related. Specifically, Ritchie challenges (1) Condition 6, requiring him to submit to searches at the request of his community corrections officer (CCO), (2) Specific Condition E, prohibiting him from possessing sexually explicit materials, (3) Specific Condition F, requiring him to submit to internet monitoring; and (4) Specific Condition K,[1] requiring him to submit to polygraph testing.[2]

Ritchie also challenges several alleged sentencing conditions. The alleged sentencing conditions Ritchie challenges were never actually imposed by the trial court, and therefore, those challenges are moot.

---

[1] Ritchie refers to this as Condition I in his PRP, but he is clearly challenging the condition that requires him to submit to polygraph testing, which is Condition K.

[2] Ritchie also challenged ISRB Condition A which prohibited Ritchie from consuming alcohol. However, the ISRB has since stricken Condition A from Ritchie's community custody conditions, and it is no longer in effect. By striking Condition A, the ISRB granted Ritchie his requested relief, and this issue is moot.

We deny Ritchie's request for relief.

## FACTS

Between 2008 and 2010 Ritchie raped his live-in girlfriend's minor son several times. At some point during his incarceration, Ritchie reported to Department of Corrections (DOC) officials that he initiated the sexual contact with his girlfriend's son after her son watched pornography online.

In 2014, Ritchie pleaded guilty via an *Alford*[3] plea to two counts of first degree child molestation for crimes he committed against his girlfriend's son between 2008 and 2010. The trial court sentenced Ritchie to 89 months to life in August 2014.

When DOC filed its presentence investigation report with the trial court, it included Appendix H, which lists several community custody conditions. However, Appendix H was never signed by the sentencing judge nor filed as an attachment to the judgment and sentence. Appendix H was not referenced in the judgment and sentence nor adopted or incorporated by reference in the judgment and sentence.[4] Accordingly, the community custody conditions in Appendix H are not, and never have been, in effect.

The ISRB found Ritchie releasable in July 2022, and imposed several community custody conditions in August 2022. The ISRB imposed conditions requiring Ritchie to submit to searches, polygraph testing, computer monitoring, and a condition prohibiting Ritchie from possessing sexually explicit materials:

---

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] No subsequent order correcting or amending the judgment and sentence is included in the record.

6. You must submit to a search of your person, residence, vehicle and/or possessions when requested by a CCO. This includes the search of your computer, cell phone and any other electronic devices.

. . . .

Additional Specific Conditions:

. . . .

E. You must not possess or access sexually explicit materials. . .

F. You may not own/use/possess an internet capable device without first meeting with your CCO and fully and accurately completing the "Social Media and Electronic Device Monitoring Agreement" DOC Form # 11-080. You must install a monitoring program, at your own expense, and your CCO must be your designated accountability partner. The requirements and prohibitions on this completed form will remain in effect until removed or modified in writing, signed and dated by you and your CCO.

. . . .

K. You must submit to a polygraph examination to be conducted by a polygraph examiner certified by the American Polygraph Association at the discretion of your CCO to verify compliance with your release conditions. A failure to show up for a scheduled polygraph and/or attempts to use countermeasures as determined by the polygraph examiner may result in sanctions. You must sign a full release of information allowing the polygraph examiner to release information to your CCO and the [ISRB] for the entire period of your supervision until you are granted a final discharge, or this condition is removed by the Board. In agreeing to release under this condition, both the ISRB and the offender stipulate that the results of any polygraph examination shall be admissible in any violation hearings held before the ISRB.

Pers. Restraint Pet. (PRP), Ex. A at 1-3 (most capitalization omitted).

Ritchie filed a PRP on October 4, 2022, seeking relief from both the sentencing conditions and the ISRB conditions.

No. 57413-6-II

After Ritchie filed his PRP, the Acting Chief Judge entered an order dismissing some of his claims and referring others to a panel.[5] The ISRB filed a motion to supplement the record, showing that it had stricken condition A, prohibiting Ritchie from consuming alcohol.

## ANALYSIS

### I. PERSONAL RESTRAINT PETITIONS

To obtain collateral relief, Ritchie must show that he is currently under an unlawful restraint as defined by RAP 16.4. *In re Pers. Restraint of Stuhr*, 186 Wn.2d 49, 52, 375 P.3d 1031 (2016). Community custody is a form of restraint. *In re Pers. Restraint of McMurtry*, 20 Wn. App. 2d 811, 815, 502 P.3d 906 (2022). To receive relief the petitioner must prove either "a constitutional error that resulted in actual and substantial prejudice or [] a non-constitutional error that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Kennedy*, 16 Wn. App. 2d 423, 428, 480 P.3d 498 (2021) (quoting *In re Pers. Restraint of Meredith*, 191 Wash.2d 300, 306, 422 P.3d 458 (2018) (internal quotation marks omitted).

### II. SENTENCING CONDITIONS

Ritchie petitions this court to remove community custody conditions 19, 20, and 24 found in Appendix H. Ritchie argues, and the State concedes, that the conditions in Appendix H were never in effect.

Indeed, Appendix H does not appear to have been signed by the sentencing judge, nor was it filed as an attachment to nor incorporated into Ritchie's judgment and sentence.

---

[5] Ord. Dismissing in Part & Referring To Panel in Part, *In re Pers. Restraint of Ritchie*, No. 57413-6-II (Wash. Ct. App. March 28, 2024).

Therefore, Ritchie's arguments regarding community custody conditions 19, 20, and 24 are moot, and we do not address these issues.

### III. ISRB CONDITIONS OF RELEASE

Ritchie also challenges several conditions of release imposed by the ISRB. RCW 4.16.130, the two-year catchall civil statute of limitations, controls a personal restraint petition based on other challenges such as ISRB conditions of release. *See In re Pers. Restraint of Heck*, 14 Wn. App. 2d 335, 340-41, 470 P.3d 539 (2020). Ritchie signed the ISRB conditions of release in September 2022, and filed his petition in October 2022; therefore, his petition with respect to the ISRB conditions is timely.

A.  *Legal Principles*

The ISRB is authorized to "'exercise independent judgment'" regarding decisions concerning "'offenders' release, revocation, reinstatement, or the imposition of conditions of supervision.'" *In re Pers. Restraint of Winton*, 196 Wn.2d 270, 276, 474 P.3d 532 (2020) (quoting RCW 9.95.0002(8)). The ISRB has "broad discretion in individual cases to craft appropriate conditions." *Id*. at 279. Accordingly, we apply the same reasoning to community custody conditions imposed by the ISRB as conditions imposed by the sentencing court. *Id*. We review ISRB conditions for abuse of discretion, but we review de novo whether the ISRB had the statutory authority to impose the condition. *Id*. at 274.

The ISRB has the statutory authority under RCW 9.95.420 to impose additional community custody conditions set forth in RCW 9.94A.704. Under RCW 9.94A.704, the ISRB has the authority to impose crime-related prohibitions and affirmative conditions. For a condition to be "crime-related" it need not be identical to the facts of the crime, there just has to be "some basis for the connection." *State v. Irwin*, 191 Wn. App. 644, 657, 364 P.3d 830 (2015).

The ISRB abuses its discretion "when there is no evidence in the record that the circumstances of the crime related to the community custody condition." *Id.* (internal quotation marks omitted). "A community custody condition is not impermissibly overbroad if it is crime related." *State v. Lee*, 12 Wn. App. 2d 378, 401, 460 P.3d 701 (2020).

If a condition is unconstitutional, its imposition is necessarily an abuse of discretion. *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). However, "the mere fact that a custody condition impinges on a constitutional right does not invalidate it." *In re Pers. Restraint of Sickels*, 14 Wn. App. 2d 51, 69, 469 P.3d 322 (2020). This is because a person's constitutional rights are subject to infringements authorized by the Sentencing Reform Act of 1981. *State v. Hearn*, 131 Wn. App. 601, 607, 128 P.3d 139 (2006). If a condition interferes with a fundamental right, it must "be reasonably necessary to accomplish the essential needs of the State and public order." *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

B.     *Condition 6: Warrantless Searches*

Ritchie challenges ISRB Condition 6, which states: "You must submit to a search of your person, residence, vehicle, and/or possessions when requested by a CCO." PRP, Ex. A. at 1. Ritchie argues this condition is unconstitutional. We disagree.

Parolees have a reduced expectation of privacy because they are "'serving their time outside the prison walls.'" *State v. Olsen*, 189 Wn.2d 118, 124-25, 399 P.3d 1141 (2017) (quoting *State v. Jardinez*, 184 Wn. App. 518, 523, 338 P.3d 292 (2014)). Due to this reduced expectation of privacy, CCOs need only reasonable cause to believe the parolee violated a condition of their probation to conduct a search, not a warrant or probable cause. *State v. Winterstein*, 167 Wn.2d 620, 628, 220 P.3d 1226 (2009). This exception to probable cause is codified in RCW 9.94A.631(1), and is described as the "probation exception." *State v. Cornwell*,

190 Wn.2d 296, 301, 412 P.3d 1265 (2018). For the probation exception to apply, there must be "a nexus between the property searched and the alleged probation violation." *Id.* at 306.

Community custody conditions are ripe for review when the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *In re Pers. Restraint of Allgoewer*, 30 Wn. App. 2d 388, 396, 545 P.3d 348 (2024). "The court must also consider 'the hardship to the parties of withholding court consideration.'" *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008) (quoting *First United Methodist Church v. Hr'g Exam'r.*, 129 Wn.2d 238, 255, 916 P.2d 374 (1996)). Conditions allowing for the search of a person or residence require further factual development. *See State v. Sanchez Valencia*, 169 Wn.2d 782, 788-89, 239 P.3d 1059 (2010); *see also State v. Massey*, 81 Wn. App. 198, 200-01, 913 P.2d 424 (1996) (holding that a condition that the defendant submit to testing and searches of his person, residence and vehicle by the [CCO] to monitor compliance with the condition that the defendant not purchase, possess, or use illegal drugs was premature for review until the defendant was subjected to a search deemed unreasonable).

Ritchie challenges the imposition of the community custody condition that he submit to searches at the request of his CCO. But review of this community custody condition is premature until Ritchie is subjected to a search. "Some future misapplication of the community custody condition might violate article I, section 7, but that 'depends on the particular circumstances of the attempted enforcement.'" *State v. Cates*, 183 Wn.2d 531, 535, 354 P.3d 832 (2015) (quoting *Valencia*, 169 Wn.2d at 789). Accordingly, until the State attempts to enforce the condition, Ritchie's challenge to Condition 6 is not ripe for review, and we deny his request for relief.

C.      *Specific Condition E: Prohibition on Sexually Explicit Materials*

Ritchie challenges ISRB Specific Condition E, which prohibits him from possessing "sexually explicit materials," arguing it is not crime-related and unconstitutional. PRP at 8. We disagree.

In *State v. Nguyen*, the state Supreme Court upheld a community custody condition prohibiting the defendant, who was convicted of several sex offenses against a child, from possessing sexually explicit materials. 191 Wn.2d 671, 676, 425 P.3d 847 (2018). The defendant argued his crime did not involve sexually explicit materials so the condition was not crime-related and therefore invalid. *Nguyen*, 191 Wn.2d at 683. The court reasoned that the defendant's sex crime "established his inability to control his sexual urges," and that the only purpose of sexually explicit materials is to "invoke sexual stimulation." *Id.* at 686. The court upheld the condition, holding there was a connection between the condition and the crime: "It is both logical and reasonable to conclude that a convicted person who cannot suppress sexual urges should be prohibited from accessing sexually explicit materials, the only purpose of which is to invoke sexual stimulation." *Id.* (internal quotation marks omitted).

Like the defendant in *Nguyen*, Ritchie was convicted of multiple sex crimes against a child, and this "establishe[s] his inability to control his sexual urges." Under *Nguyen*, this is a sufficient relationship between the condition and the crime of conviction. *Id.*

Furthermore, there is evidence showing pornography was related to Ritchie's crime. Ritchie reported that his victim was watching online pornography before Ritchie raped him. During his mid-treatment review, Ritchie reported that he believed his victim wanted sexual contact with Ritchie because his victim was watching pornography online.

Because the condition prohibiting Ritchie from possessing sexually explicit materials is related to the crime of conviction on its face, and because there is additional evidence suggesting sexually explicit materials were related to his crime, we deny Ritchie's request for relief from Specific Condition E.

Additionally, Ritchie appears to challenge Specific Condition E on constitutional grounds; however, Ritchie does not clearly articulate how Specific Condition E is unconstitutional in his initial brief or in his reply brief. He cites U.S. Supreme Court cases which hold that pornography is protected by the First Amendment but does not elaborate on how that applies to this condition. He also discusses obscenity laws and common definitions of pornography, none of which are at issue here. Because Ritchie fails to make any meaningful argument regarding the constitutionality of the condition we decline to address this issue. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (we will not review an issue unsupported by authority or persuasive argument).

D.      *Specific Condition F: Internet Monitoring*

Ritchie argues Specific Condition F, which requires him to meet with his CCO and install a monitoring program on his computer prior to owning/using/possessing an internet capable device is not crime-related and unconstitutionally overbroad. We disagree.

We have struck down conditions placing restrictions on internet access where there is no connection between using the internet and the crime of conviction. *See State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008). In *O'Cain*, Division One struck down a community custody condition that required the parolee to get permission from his CCO prior to using the internet because it was not crime-related. 144 Wn. App. at 774. There, the court specifically

9

noted: "[t]here is no evidence that [defendant] accessed the internet before the rape or that internet use contributed in any way to the crime." 144 Wn. App. at 775.

Here, unlike the parolee in *O'Cain*, Ritchie perpetrated his crime after his victim viewed pornography online. The fact that Ritchie was aware his victim was viewing pornography online shortly before perpetrating his crime suggests that online pornography played at least some role in his crime. Therefore, the ISRB did not abuse its discretion by imposing this condition because there is a reasonable relationship between the crime and the condition.

Ritchie also contends that Specific Condition F is unconstitutionally overbroad. We disagree.

In his brief, Ritchie correctly points out that the condition imposing restrictions on his internet access implicates a fundamental right and, therefore, should be narrowly tailored to his case. *See Packingham v. N. Carolina*, 582 U.S. 98, 107-08, 137 S. Ct. 1730, 198 L. Ed. 2d 273 (2017) (holding a statute that prohibited sex offenders who completed their sentences from accessing social networking sites violated the First Amendment). Ritchie argues that the Specific Condition F is not narrowly tailored to his crime and is therefore unconstitutionally over broad like the law at issue in *Packingham*.

However, Ritchie's analogy to *Packingham* is unpersuasive for two reasons. First, the law at issue in *Packingham* applied to sex offenders who had finished their sentences, it was not a condition of probation as is the case here. *Id.* at 101. Second, the law in *Packingham* was deemed unconstitutionally overbroad because it was a blanket ban on all social networking sites for all convicted sex offenders. *Id.* at 106-7. The court noted that the law prohibited "access to what for many are the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square." *Id.* at 108.

Specific Condition F, on the other hand, does not categorically ban Ritchie from accessing social networking sites. Unlike the appellant in *Packingham*, Ritchie can still exercise his First Amendment rights in the "modern public square."

Additionally, Specific Condition F is more narrowly tailored than other community custody conditions regarding the internet that have been upheld. In *State v. Johnson*, the state Supreme Court upheld a community custody condition which restricted the parolee's internet access through filters set by his CCO. 197 Wn.2d 740, 746, 487 P.3d 893 (2021). Here, Condition F does not impose filters preventing Ritchie from accessing certain sites, it merely monitors his use.

Finally, the ISRB submits that this condition should be upheld because it is necessary for ensuring compliance with other conditions imposed by the ISRB, namely Specific Condition E. RCW 9.94A.507 directs the DOC to "monitor the offender's compliance with conditions of community custody imposed by the court, department, or board." RCW § 9.94A.507.

We have consistently upheld conditions that allow for monitoring compliance with other conditions. *See State v. McClinton*, 186 Wn. App. 826, 835, 347 P.3d 889 (2015) (upholding community custody condition requiring parolee to submit to GPS tracking to monitor his compliance with geographic restrictions). Specific Condition F enables the ISRB to monitor compliance with the condition prohibiting Ritchie from viewing sexually explicit materials, which we have already established is sufficiently crime-related.

Because ISRB Specific Condition F is reasonably related to Ritchie's crime and supports monitoring Ritchie's compliance with other, lawfully-imposed community custody conditions, Ritchie's request for relief should be denied.

E.      *Specific Condition K: Polygraph Testing.*

Ritchie argues that Specific Condition K, which requires him to submit to polygraph testing to monitor compliance with his conditions, is invalid. We disagree.

Ritchie argues that polygraph testing is legal when done in conjunction with treatment but once treatment is over, polygraph testing must also end. Ritchie argues that community custody conditions must be crime-related and RCW 9.94A.030 explicitly excludes affirmative conduct from the definition of "crime related." PRP at 9. He cites to *State v. Holland*, 80 Wn. App. 1, 905 P.2d (1995) and former RCW 9.94A.120(9)(c)(v) (2001) (recodified as RCW 9.94A.505) to support this argument.

However, both the statute and case Ritchie offers as authority were overturned by the time he committed his crimes, and therefore, they do not govern his sentence. Instead, former RCW 9.94A.505 (2007), was in effect during the relevant years, and it specifically permits the court to impose affirmative conditions, "[a]s a part of any sentence, the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter." Former RCW 9.94A.505(8) (2007).

Additionally, a decade before Ritchie started committing his crimes, the state Supreme Court held that "[a] trial court has authority to impose monitoring conditions such as polygraph testing." *State v. Riles*, 135 Wn.2d 326, 342, 957 P.2d 655 (1998), *abrogated on other grounds by Valencia,* 169 Wn.2d 782. We uphold conditions requiring polygraph testing so long as the testing is used for monitoring compliance with community custody conditions. *State v. Vant*, 145 Wn. App. 592, 603, 186 P.3d 1149 (2008).

Here, ISRB Specific Condition K specifies that the polygraph testing will be used "to verify compliance with [Ritchie's] release conditions." PRP, Ex A. at 3. Because the ISRB

No. 57413-6-II

Specific Condition K requires polygraph testing for monitoring Ritchie's compliance with his community custody conditions, the ISRB did not exceed its statutory authority and Ritchie's request for relief should be denied.

CONCLUSION

In conclusion, we hold that the community custody conditions in Appendix H were never imposed, and therefore, Ritchie's challenges with respect to those conditions are moot. Additionally, Ritchie fails to show that he is entitled to relief with respect to ISRB Condition 6, and Specific Conditions E, F, or K. We deny Ritchie's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Veljacic, A.C.J

13