# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>RAFAEL RIVERA,<br><br>                        Petitioner. | No. 58471-9-II<br><br>UNPUBLISHED OPINION |

VELJACIC, J. — In his personal restraint petition (PRP), Rafael Rivera challenges a community custody condition imposed by the Indeterminate Sentencing Review Board (ISRB) following his release. The condition restricts Rivera from dating or becoming sexually involved with any adult without his field case manager's approval. Rivera argues this condition is not crime related and infringes on his freedom of association under the First Amendment to the United States Constitution. We agree the condition is not crime related. Therefore, we grant Rivera's PRP and remand to the ISRB to strike the condition.

### FACTS

In 2006, a jury found Rivera guilty of five counts of child molestation in the first degree. For one of the children, the incidents occurred at the child's home while the mother was away. For the other two children, the incidents happened when they were at the home of another adult, not their parents.

The trial court imposed a sentence of 198 months to life. In addition, the court imposed a community custody condition that Rivera could "not enter into a relationship with any person who has minors in their care or custody without approval of [his] [community custody officer (CCO)] and therapist." Response to PRP, Ex. 1, Att. A at 13. The court also ordered Rivera to participate in sexual deviancy treatment and "comply with all rules of treatment." Response to PRP, Ex. 1, Att. A at 13.

In 2020, the ISRB approved Rivera's release. In addition to the community custody conditions in Rivera's judgment and sentence, the ISRB ordered that Rivera not "date individuals who have minor children, unless you receive prior approval from your CCO *and* the ISRB." Response to PRP, Ex. 1, Att. E at 3 (emphasis in original). And that Rivera "not form relationships with persons with minor children without first disclosing your sex offender status and having this relationship approved by your CCO." Response to PRP, Ex. 1, Att. E at 3.

In 2023, during a check-in visit with his CCO, Rivera reported that he received and viewed nude photographs from a woman. He also reported that he was dating two other women and had been sexually intimate with both. Neither woman had minor children.

During this time, Rivera had started treatment with a sex offender treatment provider. Rivera's CCO checked in with his treatment provider, who reported to Rivera's CCO that she was aware Rivera was dating two women but was not aware he had been sexually intimate with them. The provider further told the CCO that she would be checking in with Rivera about the relationship because "he cannot be doing that while he is in treatment." Response to PRP, Ex. 1, Att. H at 1. The CCO concluded that "[h]ealthy relationships are encouraged, but [Rivera] is in multiple relationships and [in the CCO's opinion] being in treatment currently, just does not seem healthy at this time." Response to PRP, Ex. 1, Att. H at 1.

The ISRB then added the following community release condition:

> You must not engage in a dating or sexual relationship without your field case manager's prior approval. You must disclose your status as a sex offender and the nature of your offending to anyone with whom you intend to begin such a relationship. The disclosure must be verified by your field case manager.

Response to PRP, Ex. 1, Att. I at 1.

Rivera filed this petition to challenge the new condition.

## ANALYSIS

Rivera argues that he is under unlawful restraint because the ISRB-imposed condition that restricts him from engaging in a dating or sexual relationship without his field case manager's prior approval is not crime related. Rivera further argues the condition violates his First Amendment right to association. We agree the condition is not crime related and decline to reach his constitutional challenge.

I.     STANDARD OF REVIEW

We review community custody conditions for an abuse of discretion, but we review whether an entity has authority to impose such restrictions de novo. *In re Pers. Restraint of Winton*, 196 Wn.2d 270, 274, 474 P.3d 532 (2020). An entity does not have authority to impose a non-crime related community custody condition. *In re Pers. Restraint of Ansell*, 1 Wn.3d 882, 891, 903, 533 P.3d 875 (2023).

II.    LEGAL PRINCIPLES

An individual convicted of a sex offense receives an indeterminate sentence with a minimum and maximum term. RCW 9.94A.507(3). These indeterminate sentences include community custody, which is required for the time between the release from total confinement and the expiration of the maximum sentence. RCW 9.94A.507(5). "[C]ommunity custody . . . conditions . . . may be imposed by [the trial] court at sentencing or by . . . the ISRB upon finding

3

the person releasable." *Ansell*, 1 Wn.3d at 891. This case involves a community custody condition imposed by the ISRB.

A person subject to an ISRB-imposed community custody condition "may raise a challenge to the condition[] through a PRP, where they must show that they are restrained and that the restraint is unlawful." *Id.* at 892. The ISRB has jurisdiction over a person who is transferred from total confinement to community custody and for purposes of RAP 16.4(b). *Id.* "Restraint is unlawful if the conditions or manner of the restraint violates the constitution or a state law." *Id.*.

The ISRB's authority to impose community custody conditions is broad, but not unlimited. *Id.* at 903. "The ISRB does not have unfettered discretion to impose conditions . . . the ISRB is authorized to impose community custody conditions that are reasonably related to the crime of conviction, the risk of reoffense, and the safety of the community—*a condition that fails to relate to all three topics is invalid*." *Id*. at 902 (emphasis in original). With respect to whether a community custody condition is crime related, a trial court does not abuse its discretion if there is a reasonable relationship between the crime of conviction and the condition. *State v. Nguyen*, 191 Wn.2d 671, 683-84, 425 P.3d 847 (2018).

III.     NOT CRIME RELATED

Here, Rivera was convicted of five counts of child molestation in the first degree. The newly-imposed ISRB condition requires Rivera to get approval from his field case manager before going on a date or being intimate with any person regardless of whether that person has minor children or is associated with minor children. Requiring a field case manager to approve a date, or intimacy, with a person who does not have minor children or is not even associated with minor children is not related to child molestation in the first degree. Therefore, the condition bears no

4

reasonable relationship to Rivera's crimes, making it not crime related. *See Nguyen*, 191 Wn.2d at 684.

The ISRB counters that the condition is valid because Rivera is already required to comply with all treatment conditions and the challenged condition complies with the treatment provider's concerns. But this argument fails because the treatment provider's concern was with Rivera having multiple intimate relationships at the same time, not with having any relationship at all.

Accordingly, because the condition bears no reasonable relationship to Rivera's crimes, it must be stricken. *See State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008) (remedy to correct an unauthorized community custody condition is to remand with instruction to strike the condition).

Given our above disposition of this matter, we need not reach Rivera's constitutional argument. *See State v. Richards*, 28 Wn. App. 2d 730, 756, 537 P.3d 1118 (2023) (court need not reach constitutional challenge when matter decided on other grounds), *review denied*, 2 Wn.3d 1027 (2024).

## CONCLUSION

The ISRB's community custody condition restricting Rivera from engaging in a dating or sexual relationship with any person without his field case manager's approval is not crime related. Therefore, we grant Rivera's PRP and remand to the ISRB to strike the condition.

58471-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, J.

Cruser, C.J.

6